IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SAMMIE DAVIS KING, JR.,            :
                                   :
        Plaintiff                  :
                                   :
VS.                                :
                                   :   NO. 5:13-CV-0235-CAR-CHW
                                   :
STATE OF GEORGIA, *et. al.*        :
                                   :
        Defendants                 :
_____

## ORDER

Plaintiff **SAMMIE DAVIS KING, JR.**, a state prisoner currently confined at Dooly State Prison in Unadilla, Georgia, has filed a *pro se* civil rights action in this Court. Plaintiff's Complaint consists of forty-seven handwritten pages and plainly fails to comply with the procedural rules governing the proper form of pleadings.   See Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b).   Plaintiff's Complaint is neither "short and plain" nor made "in numbered paragraphs" as required by the Federal Rules.   See id.

When filed, the United States Magistrate Judge logically presumed that Plaintiff intended to state claims under 42 U.S.C. § 1983.   The Magistrate Judge thus ordered Plaintiff to recast his Complaint on the Court's standard § 1983 complaint form. Plaintiff was given twenty-one days to comply and was advised that a failure to comply

may result in the dismissal of his Complaint.   When Plaintiff failed to respond to the Order within the time allowed, the Magistrate Judge ordered Plaintiff to respond and show cause why his Complaint should not be dismissed for failure to comply.   Plaintiff has now responded to the show cause order and claims that he is not required to use the Court's § 1983 forms because his § 1983 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and thus his claims are instead brought under 42 U.S.C. § 1981.

Because Plaintiff has now shown that he did not intend to file a civil rights complaint pursuant to §1983, the Court has taken a closer look at the substance of his Compliant and finds that Plaintiff's claims actually arise from events that transpired in Warrenton County, Georgia and that none of the named defendants are located in this District.   Because Warrenton County is located in the Southern District of Georgia, the proper forum for this case is the United States District Court for the Southern District of Georgia.   See 28 U.S.C. § 1391(b).

In such cases, a district court may transfer a case to the court where it might have been properly filed.   See 28 U.S.C. § 1406(a).   However, the interests of justice would not be served by transferring this case to the Southern District.   See id; Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).   Last year, Plaintiff brought a similar § 1983 action in the United States District Court for the Southern District of Georgia and that complaint was dismissed, prior to service under Heck v. Humphrey, supra.   See King v.

2

Chestang, 1:11-cv-00142-JRH-WLB (S.D. Ga. Jan. 11, 2012).   The Eleventh Circuit Court of Appeals later affirmed, Appeal No. 12-10764-A (11th Cir. July 2, 2012).   Plaintiff cannot now attempt to circumvent Heck's procedural bar by simply re-characterizing his claims as brought under § 1981.   Section 1981 is actually inapplicable to Plaintiff's claims as it concerns only "racial discrimination in the making and enforcement of contracts." Little v. United Techs., 103 F.3d 956, 961 (11th Cir. 1997) (emphasis in original).   It is not a cause of action for claims of alleged civil rights violations occurring during a prisoner's arrest and prosecution - like those alleged in Plaintiff's lengthy complaint.

Moreover, regardless of the labels Plaintiff provides for his claims, substance must govern over nomenclature. See Castro v. U. S., 540 U.S. 375, 381, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).   Plaintiff's Complaint, at its core, is simply another § 1983 action alleging violations of his civil rights during his arrest and prosecution.   Nothing in the Complaint suggests that Plaintiff has, since his prior lawsuit, been able to invalidate his conviction.   Plaintiff's Response (Doc. 10) further concedes that his § 1983 claims are still barred by Heck.

Therefore, because Plaintiff has filed this action in an improper venue and the Court finds that the interests of justice would not be served by transferring this action to the Southern District of Georgia, Plaintiff's Complaint is hereby **DISMISSED** without

3

prejudice.   If Plaintiff is eventually successful in invalidating his conviction and sentence, and can thereby avoid <u>Heck</u>'s procedural bar, he may re-file this action in the proper court.   Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is thus **GRANTED** only for the purpose of this dismissal, and Plaintiff's Motion for Appointment of Counsel (Doc. 11) shall be **DISMISSED** as **MOOT**.

         **SO ORDERED**, this 11th day of October, 2013.

                    <u>S/   C. Ashley Royal</u>
                    C. ASHLEY ROYAL, JUDGE
                    UNITED STATES DISTRICT COURT

jlr